**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTTRADE, INC., | No. 12-35711 |
| Plaintiff, | D.C. No. 1:11-cv-00003-RFC |
| v. | |
| CHRIS GIBBONS; ARNOLD FALLER; PATRICIA FALLER; KIMBERLY CHABOT, | MEMORANDUM* |
| Defendants-cross-claimants - Appellees, | |
| SHANE M. LEFEBER, | |
| Defendant-counter-claimant - Appellee, | |
| V. | |
| KRISTINE DAVENPORT, | |
| Defendant-third-party- plaintiff - Appellant. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| SCOTTRADE, INC., | No. 12-35746 |
| Plaintiff - Appellee, | D.C. No. 1:11-cv-00003-RFC |
| v. | |
| PATRICIA FALLER, | |
| Defendant-cross-claimant - Appellee, | |
| SHANE M. LEFEBER, | |
| Defendant-counter-claimant - Appellant, | |
| V. | |
| KRISTINE DAVENPORT, | |
| Defendant-third-party-plaintiff - Appellee, | |
| V. | |
| ARNOLD FALLER, | |
| Third-party-defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Before: GOULD, CHRISTEN, and NGUYEN, Circuit Judges.

On September 15, 2010, James LeFeber ("LeFeber") died, leaving the contents of his Scottrade brokerage account to five of his friends: Shane Lefeber ("Shane"), Patricia Faller ("Faller"), Kristine Davenport ("Davenport"), Christopher Gibbons and Kimberly Chabot.  However, one of those beneficiaries—Davenport—sought to claim all of LeFeber's estate and brokerage account, based on an unrecorded oral contract that she allegedly made with LeFeber in 2007.  She filed suit in Montana state court.

Faced with competing claims over LeFeber's account, Plaintiff-Appellee Scottrade, Inc. ("Scottrade") filed an interpleader action in the United States District Court for the District of Montana.  A welter of claims, crossclaims and counter-crossclaims followed.  Seeking the entire account, Davenport alleged a conspiracy of the other beneficiaries to interfere with the purported 2007 oral contract.  Her causes of action included undue influence, duress, fraud, and breach of fiduciary duty as well as others, like interference with expectancy, not recognized by Montana law.  She also claimed that the conspirators, after inducing

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

-3-

LeFeber to break his contract, had murdered him by giving an overdose of the pain medications he took for terminal esophageal cancer, and had destroyed evidence of their crimes by illegally cremating LeFeber's body. Davenport also filed many procedural motions which 1) challenged the court's jurisdiction over the interpleader action and its dismissal of Scottrade; 2) tried to transfer venue to another Division of the District of Montana; and 3) tried to disqualify the presiding judge for bias. She also haled Faller's husband, Arnold Faller—who is not a beneficiary of LeFeber's brokerage account—into court to defend himself against her claims of conspiracy. The district court denied all of these motions, dismissed both Scottrade and Arnold Faller with prejudice, and eventually granted summary judgment against Davenport and awarded the other parties attorney fees and costs.

On appeal, Davenport makes thirty-nine claims of error, renewing the arguments that she had presented in the district court and also challenging the district court's award of attorney fees and costs. On cross-appeal, Shane appeals the district court's denial of prejudgment interest to the prevailing beneficiaries. We have jurisdiction under 28 U.S.C. § 1291. Regarding the award of attorney fees and costs, we vacate the award and remand to the district court with instructions to allow Davenport to file any objections as to the amount of the award

-4-

only.  On the remainder of Davenport's claims, and on Shane's claim, we affirm the district court.

Davenport's claims regarding the dismissal of Scottrade and Arnold Faller from the litigation do not persuade us.  Scottrade's decision to initiate an interpleader action to resolve the competing claims to the brokerage account was appropriate.  The district court's jurisdiction was proper.  *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010).  Also proper was its dismissal of Scottrade as a neutral stakeholder.  *See Gen. Atomic Co. v. Duke Power Co.*, 553 F.2d 53, 56 (10th Cir. 1977).  Davenport's claim against Arnold Faller rested on merely a series of conclusory statements, lacking in the factual matter necessary to state a plausible claim, and was properly dismissed.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Similarly, the district court did not abuse its discretion in denying Davenport's numerous and substantively baseless procedural motions.

We also conclude that the district court properly awarded summary judgment to the other parties on Davenport's claims.  While a fact-intensive case is not appropriate for summary judgment when there are genuine factual issues, Davenport did not present evidence of any such issues necessary to defeat a motion for summary judgment.  We have previously held that where the "factual context"

of a case "makes the non-moving party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary" to defeat summary judgment. *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Davenport's serious claims—that the other beneficiaries used undue influence to negate an oral agreement for her to get all of LeFeber's assets, and indeed killed the decedent to gain their objectives—required more than the assertions of an interested party to proceed, especially since it is undisputed that the alleged oral agreement was never recorded, witnessed or reduced to a signed writing. Given this factual context, Davenport had to produce real evidence of a dispute; instead, her evidence consists of speculative assertions in uncorroborated, self-serving affidavits.

Turning to the district court's award of attorney fees and costs, we affirm the award of $6,142.53 in attorney fees to Scottrade. The district court properly awarded these fees pursuant to federal interpleader law. *See Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 898 (9th Cir. 2012). Davenport was afforded an opportunity to object to the amount of fees requested by Scottrade in her response to Scottrade's motion to dismiss, and the district court properly concluded that the amount requested by Scottrade was reasonable.

Our conclusion is different, however, with respect to the fees awarded to Arnold Faller, Patricia Faller, and Shane. Although the district court properly recognized that it had the authority to award these fees, Davenport should have explicitly been given the opportunity to object to the amount of fees requested by the parties. Therefore, we vacate these awards and remand with instructions to allow Davenport to file objections as to the award amounts only.

Finally, on the issue of prejudgment interest raised by Shane's cross-appeal, we conclude that the district court did not abuse its discretion by denying prejudgment interest. The relevant Montana law requires an underlying monetary obligation between parties before an award of prejudgment interest is proper. *Mont. Petroleum Tank Release Comp. Bd. v. Crumleys, Inc.*, 174 P.3d 948, 965 (Mont. 2008). No such obligation exists here.

**AFFIRMED in part, VACATED in part and REMANDED with instructions.**